<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

```
_____
                               :
ARNOLD L. CARTER,              :
                               :   Civil Action No. 06-3369 (RBK)
               Plaintiff,      :
                               :
          v.                   :        O P I N I O N
                               :
DENA RUSSELL, et al.,          :
                               :
               Defendants.     :
_____:
```

**APPEARANCES:**

Arnold L. Carter, <u>Pro</u> <u>Se</u>
#08045000
Federal Correctional Institution
P.O. Box 7000, West
Fort Dix, NJ 08640

**KUGLER**, District Judge

On July 25, 2005, Plaintiff, confined at the Federal Correctional Institution, Fort Dix, New Jersey, filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241.  That petition was docketed as <u>Carter v. Nash</u>, Civil Case No. 05-3680 (RBK), and was dismissed on February 8, 2006.  Plaintiff was permitted the opportunity to allow his case to proceed as a civil complaint, and on July 21, 2006, the instant case was opened. Plaintiff submitted various letters to this Court requesting counsel and seeking to add defendants and claims for monetary relief.  On July 21, 2006, Plaintiff was granted 45 days leave to

amend his complaint.  Plaintiff did not submit an amended complaint.

As noted, Plaintiff has asked, informally, for counsel.  He has not filed a motion for the appointment of pro bono counsel.  However, this Court will address his informal requests, and for the reasons set forth below, will deny his request for counsel.

Plaintiff has also applied to proceed with this action in forma pauperis.  Based upon Plaintiff's application and inmate account statements, his application to proceed in forma pauperis will be granted.

Further, at this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that Plaintiff's complaint will be dismissed.

BACKGROUND

Plaintiff is currently serving a 120-month federal sentence, following a conviction in the United States District Court, District of Columbia for unlawful possession with intent to distribute cocaine.  Plaintiff's projected release date, assuming good conduct time, is August 31, 2011.

Plaintiff argues that he was deprived of due process when he was improperly classified by a classification officer with a Management Variable of Greater Security.  Plaintiff contends that he should not have been given this variable due to the fact that the officer utilized prior criminal activity listed in his pre-sentence investigation ("PSI") for which he was never found guilty.  Plaintiff states that his improper classification keeps him from being housed in a "camp," or minimum security institution.  Plaintiff alleges that the officer was biased and racist in deciding his security level/custody classification.

**DISCUSSION**

**A.**   **Jurisdiction**

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L.M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884).  "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).  A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

In Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court "recognized for

3

the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights."   Correctional Services Corp. v. Malesko, 534 U.S. 61, 66 (2001).   The Supreme Court found an implied damages remedy available under the Fourth Amendment.   See Bivens, 403 U.S. at 397.   The Supreme Court has recognized an implied damages remedy under the Due Process Clause of the Fifth Amendment, see Davis v. Passman, 442 U.S. 228 (1979), and the Cruel and Unusual Punishment Clause of the Eighth Amendment, see Carlson v. Green, 446 U.S. 14 (1980).

To state a claim for damages under Bivens, a plaintiff must show that federal officers violated his constitutional rights. See Malesko, 534 U.S. at 66.   The Court construes Plaintiff's Complaint as challenging his security classification, asserting it is a violation of his Fifth Amendment right to due process.

**B.    Standard of Review**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).   Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Torts Claims Act ... many of which are routinely dismissed as legally frivolous."   Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).

4

A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

**C.    Plaintiff's Claims Will Be Dismissed.**

In general, an inmate does not have a liberty interest in assignment to a particular institution or to a particular security classification.  See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montayne v. Haymes, 427 U.S. 236, 243 (1976); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976)(noting that prison classification and eligibility for rehabilitative programs in the federal prison system are matters delegated by Congress to the "full discretion" of federal prison officials and thus implicate "no legitimate statutory or constitutional entitlement sufficient to invoke due process"); Newell v. Brown, 981 F.2d 880, 883 (6th Cir. 1992), cert. denied, 510 U.S. 842 (1993); Beard v. Livesay, 798 F.2d 874, 876 (6th Cir. 1986).

The Supreme Court has held that:

> [a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate' s treatment by prison authorities to judicial oversight.

Hewitt v. Helms, 459 U.S. 460, 468 (1983).  See also Sandin v. Connor, 515 U.S. 472, 484-86 (1995)(holding that a liberty interest is implicated only where the action creates "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or creates a "major disruption in his environment"); Kentucky Dept. of Corrections v. Thompson,

490 U.S. 454, 463 (1989)(holding that a liberty interest arises only where a statute or regulation uses "explicitly mandatory language" that instructs the decision-maker to reach a specific result if certain criteria are met); Walker v. Hughes, 558 F.2d 1247, 1252 (6th Cir. 1977)("Federal statutory law gives federal prison officials full discretion in the treatment of prisoners and does not restrict the authority of prison officials over the inmates as to placement in more restrictive living status, transfer to other prisons, subjection to significant and adverse effects on parole dates, and deprivation of privileges.").

In this case, the Bureau of Prisons (BOP) has reviewed Plaintiff's case in the administrative process and has determined that Plaintiff's security classification is proper.  Plaintiff makes a bare assertion that race was involved in the decision, but alleges no facts indicating such.  The BOP's determination, made in the exercise of the BOP's congressionally-delegated discretion, is entitled to a deferential standard of review by this Court.  Moreover, the instant complaint does not allege facts indicating that Plaintiff's constitutional rights have been violated.  Thus, this Court finds that the complaint for monetary damages must be dismissed, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

7

**D.    <u>Plaintiff's Requests for Counsel.</u>**

Plaintiff has informally requested counsel.  He has not filed a motion for the appointment of counsel.

Appointment of counsel under 28 U.S.C. § 1915(e)(1) may be made at any point in the litigation and may be made by the Court *sua sponte.*  <u>See</u> <u>Tabron v. Grace</u>, 6 F.3d 147, 156 (3d Cir. 1993), <u>cert.</u> <u>denied</u>, 510 U.S. 1196 (1994).  The plaintiff has no right to counsel in a civil case.  <u>See</u> <u>id.</u> at 153-54; <u>Parham v. Johnson</u>, 126 F.3d 454, 456-57 (3d Cir. 1997).

In evaluating a motion to appoint counsel, the court must first examine the merits of Plaintiff's claim to determine if it has "some arguable merit in fact and law."  <u>See</u> <u>Tunnell v. Gardell</u>, 2003 WL 1463394 at *1 (D. Del. Mar. 14, 2003)(Slip Copy)(citing <u>Parham</u>, 126 F.3d at 457)(other citations omitted).[1]  In the instant case, for the reasons set forth above, Plaintiff's claims do not appear to have arguable merit in fact or law.

---

[1]  If the court is satisfied that the claim is "factually and legally meritorious," then the following factors must be examined:  (1) a plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of a plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether a plaintiff can attain and afford counsel on his or her own behalf.  <u>See</u> <u>Tunnell</u>, 2003 WL 1463394 at *1 (citing <u>Parham</u>, 126 F.3d at 457-58; <u>Tabron</u>, 6 F.3d at 155-56, 157 n.5).

However, a court should also consider other factors, such as the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do <u>pro</u> <u>bono</u> work, and the value of lawyers' time.  <u>See</u> <u>Tabron</u>, 6 F.3d at 157-58.

## CONCLUSION

Based upon the foregoing, Plaintiff's complaint will be dismissed.  The Court will file an appropriate Order.


 

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge


Dated: December 12, 2006

9